IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

TIPTON D. SHOLES, M.D., \*
 \*
 Plaintiff, \*
 \*
 v. \* CV 119-022
 \*
ANESTHESIA DEPARTMENT; AUGUSTA \*
UNIVERSITY / MEDICAL COLLEGE \*
GA; GRADUATE MEDICAL \*
EDUCATION, Medical College of \*
GA; and UNIVERSITY SYSTEM OF \*
GA - BOARD OF REGENTS, \*
 \*
 Defendants. \*

**O R D E R**

Before the Court are two motions filed by Plaintiff. (Docs. 12, 14.) Plaintiff is proceeding *pro se*. The first motion is a request for an extension of time and, construing the motion liberally, a request for a hearing to respond to Defendants' motion to dismiss.[1] (First Mot., Doc. 12.) Plaintiff's second motion is interpreted liberally as a motion for an extension of time, a motion for a more definite statement, and a request to exceed the page limit in responding to Defendants' motion to dismiss. (Second Mot., Doc. 14.)

Plaintiff filed the first motion on June 26, 2019. (First Mot.) Plaintiff failed to sign the motion and attach a certificate

---

[1] The motion actually requests "a meeting with the judge." Because *ex parte* meetings with parties are not permitted in this situation, the Court interprets Plaintiff's request as one for a hearing.

of service as required by local rules. (See id.) The same day, the Clerk mailed Plaintiff a Notice of Filing Deficiency explaining Plaintiff's lack of compliance with the local rules and checking the box labeled "Corrective Actions Required." (First Notice of Filing Deficiency, Doc. 13.) The bottom of the notice contains the following warning: "After [fourteen] days[,] a notice of noncompliance will be submitted to a judicial officer for possible sanctions, to include dismissal." (Id.)

Nineteen days later, on July 15, 2019, outside the fourteen-day deadline set forth in the initial Notice of Filing Deficiency, Plaintiff filed the second motion "to clarify notice of filing deficiency and request." (Second Mot.) The second motion (1) failed to correct the deficiency in the first motion and (2) is, itself, deficient.[2] (Id.) On July 17, 2019, the Clerk mailed Plaintiff a Notice of Deficiency as to the second motion. (Second Notice of Filing Deficiency, Doc. 15.)

Although filings of *pro se* litigants are liberally construed, "we nevertheless have required them to conform to procedural rules."[3] Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).

---

[2] Although Plaintiff did sign the second motion, he did not affix a certificate of service. (See Second Mot.)
[3] Additionally, United States Magistrate Judge Brian K. Epps entered an Order with basic instructions at the outset of the case. (Doc. 4.) The Order expressly states:
> **IT IS ORDERED** that Plaintiff shall serve upon Defendants, or upon their attorney if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court. Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed

2

> A district court has authority to dismiss actions for failure to comply with local rules. FED. R. CIV. P. 41(b); Kilgo [v. Ricks], 983 F.2d [189,] 192 [(11th Cir. 1993)]. The district court may exercise that power *sua sponte*. Pond v. Braniff Airways, Inc., 453 F.2d 347, 349 (5th Cir. 1972).

Class v. U.S. Bank Nat'l Assoc., 734 F. App'x 634, 635 (11th Cir. 2018) (per curiam).

This Order serves as Plaintiff's third and final warning that he must comply with the Court's procedural rules. **IT IS HEREBY ORDERED** that Plaintiff must correct the deficiencies of his pending motions (Docs. 12, 14) within **fourteen days** of the date of this Order. Failure to comply with this Order will result in the dismissal of Plaintiff's case without prejudice.[4]

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of July, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

> to Defendants or their counsel. . . . Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a . . . certificate of service will be returned.

(Id. at 3 (emphasis in original).)

[4] See https://www.gasd.uscourts.gov/court-info/local-rules-and-orders/local-rules, for the Local Rules for the United States District Court for the Southern District of Georgia.