FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
20 MAR 23 AM 11:28
CLERK J. Hodges
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| TIPTON D. SHOLES, M.D., | * | |
| Plaintiff, | * | |
| v. | * | CV 119-022 |
| ANESTHESIA DEPARTMENT; AUGUSTA UNIVERSITY / MEDICAL COLLEGE GA; MEDICAL COLLEGE GA – GRADUATE MEDICAL EDUCATION; UNIVERSITY SYSTEM OF GA – BOARD OF REGENTS; and AUGUSTA UNIVERSITY HEALTH, | * | |
| Defendants. | * | |

## ORDER

Before the Court are Defendants Anesthesia Department, Augusta University / Medical College GA, Medical College GA – Graduate Medical Education, and University System of GA – Board of Regents's (collectively, "BOR Defendants") motion to dismiss or, in the alternative, for a more definite statement (Doc. 6); Defendants AU Health System, Inc. and AU Medical Center, Inc.'s ("AU Defendants") motion to dismiss or, in the alternative, for a more definite statement (Doc. 24); and Plaintiff's motion for entry of default judgment against Augusta University Health (Doc. 23).[1]

---

[1] Plaintiff has two additional pending motions: (1) Plaintiff's motion for extension of time to respond to BOR Defendants' motion to dismiss (Doc. 12) and (2) Plaintiff's motion to exceed the page limit, for a hearing, and for other relief. Three times, Plaintiff received notice of filing deficiencies related to these motions. (Docs. 13, 15, 16.) Plaintiff subsequently corrected the

## I. BACKGROUND

Plaintiff, proceeding *pro se*, filed the present action asserting a plethora of claims against numerous defendants with no real organization. (Compl., Doc. 1; Compl. Suppl. 1, Doc. 1-1; Compl. Suppl. 2, Doc. 1-2.) The Court discusses below the claims it comprehends Plaintiff attempts to assert. From what the Court can discern, Plaintiff participated in a residency program with some or all Defendants. (Compl. Suppl. 1, at 1.) Plaintiff apparently began in the program in July 2016 and was terminated in July 2018. (Id.) Rather than spending the majority of his complaint alleging facts supporting his claims, Plaintiff used approximately half of the supplement to the form complaint to discuss his damages. (Id. at 3-6.)

Plaintiff included with his complaint a charge of discrimination submitted to the Equal Employment Opportunity Commission ("EEOC") and a notice of right to sue received from the EEOC. (Doc. 1-4.) Plaintiff's claimed disability is narcolepsy without cataplexy. (Compl., at 4.) Shortly after Plaintiff filed his complaint, BOR Defendants filed their motion to dismiss or, in the alternative, for a more definite statement. (BOR Defs.' Mot. to Dismiss, Doc. 6.) Plaintiff eventually filed a response. (Doc.

---

deficiencies, and the Court will consider Plaintiff's response to BOR Defendants' motion to dismiss. Accordingly, the Court **GRANTS** Plaintiff's motion for extension of time (Doc. 12) and motion to exceed the page limit (Doc. 14). To the extent Plaintiff requests additional relief in either motion (Docs. 12, 14), that relief is **DENIED**.

18.) Plaintiff's response is largely an attempt to bolster his complaint rather than a response to BOR Defendants' motion. (See generally, id.) BOR Defendants replied, arguing that Plaintiff may not use a response in opposition to a motion to dismiss to amend the complaint and Plaintiff's attempted amended complaint is an impermissible shotgun pleading. (BOR Defs.' Reply Supp. Mot. to Dismiss, Doc. 20, at 2-6.)

On January 15, 2020, Plaintiff filed a motion for entry of default judgment against Defendant Augusta University Health. (Doc. 23.) On January 24, 2020, AU Defendants appeared on behalf of misnamed Augusta University Health; opposed Plaintiff's motion for default judgment; and moved to dismiss Plaintiff's complaint or, in the alternative, for a more definite statement. (Docs. 24, 24-1.) Notwithstanding the Court granting Plaintiff an extension of time to respond (Doc. 26), Plaintiff filed no response to AU Defendants' motion.

## II. **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff moves for entry of default judgment against Defendant Augusta University Health. (Doc. 23.) AU Defendants appeared — concerned Plaintiff's motion for entry of a default judgment against Defendant Augusta University Health may apply to them — and oppose Plaintiff's motion putting forth evidence that Plaintiff failed to serve AU Defendants with the complaint and

3

summons or mail AU Defendants a waiver of service form. (AU Defs.' Br. Supp. Mot. to Dismiss, Doc. 24-1, at 6-8.)

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). The Eleventh Circuit, however, disfavors default judgments, preferring resolution on the merits. Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Can., 674 F.2d 1365, 1369 (11th Cir. 1982). When a default judgment is at issue, "there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment." Id. "A defendant's obligation to respond does not arise . . . until he has been served with the summons and complaint or has waived service." Carswell v. Whittle, No. CV 112-066, 2012 WL 6084649, at *1 (S.D. Ga. Oct. 24, 2012) (citing FED. R. CIV. P. 12(a)). Therefore, "default is not available against a party who has not been properly served with process." Id. (citing Scott v. District of Columbia, 598 F. Supp. 2d 30, 36 (D.D.C. 2009)). An affidavit establishing failure of service can rebut an assertion of proper service. U.S. Bank, N.A. as Tr. for LSF8 Master Participation Tr. v. Tobin, 754 F. App'x 843, 846 (11th Cir. 2018). Once the defendant suitably challenges the sufficiency of service, "the burden shifts to the plaintiff to prove a *prima facie* case of proper service of process." See Fru Veg Mktg., Inc. v.

Vegfruitworld Corp., 896 F. Supp. 2d 1175, 1182 (S.D. Fla. 2012); accord Stafford v. Grifols Int'l S.A., No. 1:18-CV-321-SCJ, 2019 WL 3521957, at *2 (N.D. Ga. Feb. 25, 2019); see also Smith v. Roundtree, No. CV 215-04, 2015 WL 5971587, at *3 (S.D. Ga. Oct. 14, 2015) ("The burden is on the plaintiff to establish the validity of service of process on the defendant.").

Plaintiff filed no affidavit in support of his motion for entry of default; the record contains no evidence of service such as a filed, executed affidavit of service; and Plaintiff otherwise offered no evidence of service of AU Defendants. In opposition to Plaintiff's motion for default judgment, AU Defendants filed an affidavit showing nonexistent or insufficient service of process. (Speese Aff., Doc. 24-2.) The affidavit sets forth that Plaintiff named the wrong entity (see id. ¶ 6); AU Defendants first became aware of the lawsuit following counsel for Augusta University notifying affiant of the pending motion for an entry of default judgment (id. ¶ 7); none of the individuals that Plaintiff contends he served are officers, managing agents, or general agents of AU Defendants (id. ¶ 10); and AU Defendants were not served with the complaint and summons under Federal Rule of Civil Procedure 4(h) (id. ¶ 11). AU Defendants met their burden to establish absence of proper service. Plaintiff offered no response in an attempt to show he properly served AU Defendants. Because Plaintiff failed

to show strict compliance with the rules for service, default judgment against AU Defendants is improper.

### III. DEFENDANTS' MOTIONS TO DISMISS

Next, the Court turns to Defendants' motions to dismiss.

### A. Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scherer, 468 U.S. 183 (1984). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to "give the defendant fair notice of" both the claim and the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,[2] to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550

---

[2] The Court must accept all well-pleaded facts in the complaint as true and construe all reasonable inferences therefrom in the light most favorable to the plaintiff. Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006).

6

U.S. at 570). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Furthermore, "the court may dismiss a complaint pursuant to [Rule] 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

**B. Discussion**

For the reasons set forth in Section IV, *infra*, the Court grants Plaintiff an opportunity to amend his pleading. Therefore, the Court does not evaluate Defendants' motions to dismiss to the extent Defendants argue Plaintiff failed to allege sufficient facts to plausibly state a claim. The Court, however, considers the claims Defendants move to dismiss because Defendants cannot be liable as a matter of law. In making these determinations, the

7

Court examines Plaintiff's filings to decide whether Defendants can be liable under any construction of the facts asserted or whether allowing the construed motion to amend the complaint is futile. See Atlanta Indep. Sch. Sys. v. S.F. ex rel. M.F., 740 F. Supp. 2d 1335, 1356 (N.D. Ga. 2010) (denying in part motion to amend complaint where amendment as to specific claim would be futile).

1. BOR Defendants Incapable of Being Sued

The Court first addresses BOR Defendants' argument that Defendants Anesthesia Department, Augusta University / Medical College GA, and Medical College GA - Graduate Medical Education are not entities capable of being sued. (BOR Defs.' Br. Supp. Mot. to Dismiss, Doc. 6-1, at 5-6.) The Court agrees. Augusta University exists and operates solely as a unit of the Board of Regents of the University System of Georgia ("BOR"). See GA. CONST. art. VIII, § 4, ¶ 1(b); O.C.G.A. § 20-3-1; McCafferty v. Med. Coll. of Ga., 287 S.E.2d 171, 174 (Ga. 1982), *overruled on other grounds by* Self v. City of Atlanta, 377 S.E.2d 674 (Ga. 1989). As such, Augusta University — along with its various departments — is an entity incapable of being sued. McCafferty, 287 S.E.2d at 174 (holding that the Medical College of Georgia ("MCG"), as a unit of the BOR, is not a legal entity capable of being sued); see also Bowers v. Bd. of Regents of Univ. Sys. of Ga., No. 1:11-CV-228-ODE, 2012 WL 12893538, at *5 n.12 (N.D. Ga. Mar. 20, 2012) (stating

that "[l]egal capacity to be sued is determined according to state law" and "[t]he Georgia Supreme Court has established that MCG is not an entity that is capable of suing or being sued"). Therefore, Defendants Anesthesia Department, Augusta University / Medical College GA, and Medical College GA - Graduate Medical Education are dismissed.

2. <u>National Origin Discrimination - BOR & AU Defendants</u>

Plaintiff appears to assert a claim against the remaining defendants for national origin discrimination under Title VII. (Compl., at 3, 4.) BOR and AU Defendants assert Plaintiff failed to exhaust administrative remedies as to his national origin discrimination claim for failure to include the national origin discrimination complaint in his charge of discrimination with the EEOC. (BOR Defs.' Br. Supp. Mot. to Dismiss, at 12-14; AU Defs.' Br. Supp. Mot. to Dismiss, at 8-9.)

"Prior to filing a Title VII action, . . . a plaintiff first must file a charge of discrimination with the EEOC." <u>Gregory v. Ga. Dep't of Human Res.</u>, 355 F.3d 1277, 1279 (11th Cir. 2004). The exhaustion requirement exists because "the EEOC should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." <u>Id.</u> (quoting <u>Evans v. U.S. Pipe & Foundry Co.</u>, 696 F.2d 925, 929 (11th Cir. 1983)). A "plaintiff's judicial complaint is limited by the scope

of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Id. at 1280 (citation omitted). Nevertheless, "judicial claims are allowed if they 'amplify, clarify, or more clearly focus' the allegations in the EEOC complaint," but the Eleventh Circuit "has cautioned that allegations of new acts of discrimination are inappropriate." Id. at 1279-80 (quoting Wu v. Thomas, 863 F.2d 1543, 1547 (11th Cir. 1989)).

The charge of discrimination, which Plaintiff attached to his complaint, does not evidence a claim of discrimination due to national origin. (Charge of Discrimination, Doc. 1-4, at 1.) Only the disability box is checked. Consequently, it can be reasonably deduced that the EEOC only had the opportunity to investigate the alleged disability discrimination. Moreover, it cannot be said that a claim of national origin discrimination grows out of disability discrimination. Cf. Hicks-Washington v. Hous. Auth. of City of Fort Lauderdale, ___ F. App'x ___, 2020 WL 709620, at *4 (11th Cir. Feb. 12, 2020) (finding the plaintiff failed to exhaust administrative remedies as to race, color, and sex discrimination when the "EEOC charge was undisputedly limited to [an] age discrimination claim"). Plaintiff's response to BOR Defendants' motion to dismiss does nothing to show a validly filed charge of discrimination asserting national origin discrimination. Accordingly, Plaintiff's Title VII claim for national origin

discrimination is dismissed as to all remaining defendants for failure to exhaust administrative remedies.

   3. <u>ADA Disability Discrimination – BOR Defendants</u>

BOR Defendants argue that the Eleventh Amendment to the Constitution of the United States bars Plaintiff's claim under Title I of the ADA for monetary damages. (BOR Defs.' Br. Supp. Mot. to Dismiss, at 6–7.) The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The immunity applies to "suits against a state by its own citizens in federal court." <u>Ala. State Conference of Nat'l Ass'n for Advancement of Colored People v. Alabama</u>, 949 F.3d 647, 649 (11th Cir. 2020) (citing <u>Hans v. Louisiana</u>, 134 U.S. 1, 10–15 (1890)). "The Eleventh Amendment restricts the judicial power under Article III . . . ." <u>Seminole Tribe of Fla. v. Florida</u>, 517 U.S. 44, 72–73 (1996).

The Supreme Court held suits by state employees seeking to "recover money damages by reason of the [s]tate's failure to comply with the provisions of Title I of the [ADA], . . . 42 U.S.C. §§ 12111–12117," are "barred by the Eleventh Amendment." <u>Bd. of Trs. of Univ. of Ala. v. Garrett</u>, 531 U.S. 356, 360 (2001). Plaintiff specifically states he seeks relief pursuant to Title I

of the ADA. (Resp. to Mot. to Dismiss, Doc. 18, at 13, 21.) Courts within the Eleventh Circuit have repeatedly reiterated Garrett's holding. See, e.g., Souto v. Fla. Int'l Univ. Found., Inc., ___ F. Supp. 3d ___, 2020 WL 1036537, at *12 (S.D. Fla. Mar. 3, 2020); Westbrooks v. Ga. Dep't of Human Servs., No. 5:17-cv-00365-TES, 2020 WL 426493, at *2, *3 (M.D. Ga. Jan. 27, 2020); Mack v. Bd. of Regents of Univ. Sys. of Ga., No. CV415-196, 2019 WL 7000035, at *4-5 (S.D. Ga. Dec. 19, 2019).

Although Garrett left open the possibility that a plaintiff could seek injunctive relief against the state under the ADA in federal court, Garrett, 531 U.S. at 374 n.9 (citing Ex Parte Young, 209 U.S. 123 (1908)), the Court finds no request for injunctive relief under the ADA in Plaintiff's filings.

4. State Tort Claims – BOR Defendants

Plaintiff alleges several state law tort claims against the BOR Defendants, including breach of duty, negligence, defamation, and libel. (Compl. Suppl. 1, at 1.) Again, BOR Defendants argue that sovereign immunity bars Plaintiff's tort claims. Pursuant to O.C.G.A. § 50-21-23(b):

> The state waives its sovereign immunity only to the extent and in the manner provided in this article and only with respect to actions brought in the courts of the State of Georgia. The state does not waive any immunity with respect to actions brought in the courts of the United States.

12

"Therefore, the [Georgia Tort Claims Act ("GTCA")] does not waive Georgia's immunity from suit in federal courts." Presnell v. Paulding Cty., 454 F. App'x 763, 766 (11th Cir. 2011) (affirming dismissal of state law claims against Georgia Bureau of Investigation). Plaintiff cites to provisions of the Georgia Constitution that have no bearing on this analysis. (See Resp. to Mot. to Dismiss, at 19.) Nothing in Plaintiff's complaint nor response evidences Georgia's waiver of Eleventh Amendment protection. Thus, Plaintiff's state law tort claims asserted against the remaining BOR Defendant are dismissed.

5. Plaintiff's Failure to Respond to AU Defendants' Motion to Dismiss

Next, the Court issues a warning to Plaintiff. As noted, despite receiving an extension of time to respond to AU Defendants' motion to dismiss, Plaintiff failed to file a response to the motion. Because Plaintiff is proceeding *pro se*, the Court refrains from dismissing the entire action against AU Defendants at this time. In the future, however, should Plaintiff fail to respond to a motion, the Court will grant the motion as unopposed. See LR 7.5, SDGa.

### IV. DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT

Both BOR and AU Defendants move, in the alternative, for a more definite statement. (BOR Defs.' Br. Supp. Mot. to Dismiss,

13

at 18-23; AU Defs.' Br. Supp. Mot. to Dismiss, at 12-15.) It is well-established that "[a] document filed *pro se* is to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Nevertheless, "a *pro se* pleading must still suggest that there is at least some factual support for a claim." Waldman v. Ala. Prison Comm'r, 871 F.3d 1283, 1289 (11th Cir. 2017). Despite the obligation to construe *pro se* pleadings liberally, courts in this Circuit "have little tolerance for shotgun pleadings," Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018), including those filed by *pro se* plaintiffs. Arrington v. Green, 757 F. App'x 796, 797-98 (11th Cir. 2018). "Before dismissing a complaint with prejudice on shotgun-pleading grounds," however, "the district court must first explain how the pleading violates the shotgun-pleading rule and give the plaintiff at least one opportunity to re-plead the complaint." Id. at 797 (citing Vibe Micro, 878 F.3d at 1296).

Keeping the foregoing in mind, the Court concludes that Plaintiff's initial complaint fails to explain which defendants are subject to which claims and fails to allege sufficient facts to support those claims. Liberally construing Plaintiff's response to BOR Defendants' motion to dismiss, it appears to be more of an attempt to amend his initial complaint than a response to a motion to dismiss. Even accepting the response to BOR

Defendants' motion to dismiss as an attempt to amend his complaint, it is a shotgun pleading.

As the Eleventh Circuit has found, a "shotgun pleading" fails to separate "into a different count each cause of action or claim for relief" or asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1322-23 (11th Cir. 2015). Plaintiff's response to BOR Defendants' motion to dismiss suffers from both errors. (See generally, Resp. to Mot. to Dismiss.) The response rambles with no coherent structure. It is impossible for the Court and the Defendants to determine which claims are asserted against which Defendants and which allegations support those claims. For these reasons, the Court permits Plaintiff an opportunity to file an amended complaint in compliance with the Federal Rules of Civil Procedure, except as the Court finds amendment futile for the reasons addressed above. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("*[P]ro se* . . . litigant[s] . . . [are] subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion for entry of default judgment against Defendant Augusta University Health (Doc. 23) is **DENIED**.

**IT IS FURTHER ORDERED** that BOR Defendants' motion to dismiss or, in the alternative, for a more definite statement (Doc. 6) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, as to BOR Defendants' motion to dismiss, the motion is **GRANTED IN PART** and **DENIED IN PART**. The action is **DISMISSED** in its entirety as to Defendants Anesthesia Department, Augusta University / Medical College GA, and Medical College GA – Graduate Medical Education, and the Clerk is **DIRECTED** to **TERMINATE** these parties as defendants.

As to the remaining BOR Defendant — University System of GA – Board of Regents — the Clerk is **DIRECTED** to **RENAME** the party "Board of Regents of the University System of Georgia d/b/a Augusta University." Laun v. Bd. of Regents of Univ. Sys. of Ga., No. CV 118-033, 2019 WL 4694940, at *1 n.1 (S.D. Ga. Sept. 25, 2019). As to Defendant BOR, the following claims are **DISMISSED**: (1) national origin discrimination under Title VII; (2) disability discrimination under the ADA; (3) breach of duty; (4) negligence; (5) defamation; and (6) libel. The only surviving claims against Defendant BOR are retaliation and breach of contract. Specifically, as to BOR Defendants' motion for a more definite

16

statement, the motion is **GRANTED**. Plaintiff is instructed to replead as set forth below.

**IT IS FURTHER ORDERED** that AU Defendants' motion to dismiss or, in the alternative, for a more definite statement (Doc. 24) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, as to AU Defendants' motion to dismiss, the motion is **GRANTED IN PART** and **DENIED IN PART**. As to AU Defendants, Plaintiff's claim for national origin discrimination under Title VII is **DISMISSED**. Specifically, as to AU Defendants' motion for a more definite statement, the motion is **GRANTED**. Plaintiff is instructed to replead as set forth below. Additionally, the Court finds that AU Defendants were not served with process, however, the Court permits Plaintiff an additional opportunity to effect service as set forth below.

**IT IS FURTHER ORDERED** that Plaintiff shall file his repleaded complaint as a stand-alone entry on the docket within **FIFTEEN (15) DAYS** of the date of this Order in accordance with the Federal Rules of Civil Procedure. The refiled complaint shall delineate the claims not dismissed by this Order, state against which Defendants the claims are asserted, and contain allegations supporting each of the delineated claims. If Plaintiff's refiled complaint fails to comply with the Federal Rules of Civil Procedure, fails to comply with the instructions contained in this Order, or otherwise

constitutes another shotgun pleading, the complaint will be dismissed.

**IT IS FURTHER ORDERED** that, because Plaintiff failed to properly serve AU Defendants with the complaint and summons in this action, Plaintiff must properly serve the amended complaint and summons upon AU Defendants, to the extent he intends to name these entities as defendants. If Plaintiff intended to name AU Defendants, he shall serve them in accordance with the Federal Rules of Civil Procedure and the Court's Local Rules within **THIRTY (30) DAYS** of filing his amended complaint.

The remaining defendants shall respond to the repleaded complaint in the manner and time set forth in the Federal Rules of Civil Procedure and the Court's Local Rules and may renew motions pursuant to Federal Rule of Civil Procedure 12(b) at that time.

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of March, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA