IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| TIPTON D. SHOLES, M.D., | * | |
| | * | |
| Plaintiff, | * | |
| | * | CV 119-022 |
| v. | * | |
| | * | |
| BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA, d/b/a Augusta University, et al., | * | |
| | * | |
| Defendants. | * | |

**O R D E R**

Before the Court is Plaintiff's motion for reconsideration (Doc. 29) of the Court's March 23, 2020 Order (Doc. 27). The facts of this case are presented in the Court's March 23, 2020 Order and are incorporated by reference. (Doc. 27, at 2-3.) In that Order, among other matters, the Court denied Plaintiff's motion for default judgment against Defendants AU Health System, Inc. and AU Medical Center, Inc. ("AU Defendants"). On April 8, 2020, Plaintiff filed the present motion asking the Court to reconsider its ruling on the motion for default judgment. (Doc. 29.) For the following reasons, Plaintiff's motion for reconsideration is **DENIED**.

**DISCUSSION**

"Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." <u>Armbuster v. Rosenbloom</u>, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation and internal quotation marks omitted); <u>see also</u> <u>Spellman v. Haley</u>, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling."). Because it "is not an appeal, . . . it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through — rightly or wrongly." <u>Armbuster</u>, 2016 WL 1441467, at *1 (citation and internal quotation marks omitted). It is well established that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." <u>Gougler v. Sirius Prods., Inc.</u>, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted); <u>see also</u> <u>Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.</u>, 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of a motion for reconsideration to afford a litigant "two bites at the apple"); <u>Rossi v. Troy State Univ.</u>, 330 F. Supp. 2d 1240, 1249-50 (M.D. Ala. 2002) (denying motion for reconsideration when plaintiff failed to submit evidence prior to entry of original order and failed to show good cause for the omission).

2

Furthermore, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). And, ultimately, "the decision to grant a motion for reconsideration 'is committed to the sound discretion of the district judge.'" Townsend v. Gray, 505 F. App'x 916, 917 (11th Cir. 2013) (quoting Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

Plaintiff filed the present motion for reconsideration within twenty-eight days of the Court's Order; therefore, the Court will analyze the motion under Federal Rule of Civil Procedure 59(e). See Brown v. Spells, No. 7:11-cv-91 (HL), 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011); accord Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003). Reconsideration under Rule 59(e) is justified only when there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Schiefer v. United States, No. CV206-206, 2007 WL 2071264, at *2 (S.D. Ga. July 19, 2007).

Plaintiff's motion requests reconsideration because AU Defendants "were properly served in accordance with the rules of FRCP on March 21[,] 2019." (Doc. 29.) Plaintiff does not cite any intervening legal authority nor present any newly discovered

3

evidence. Instead, in support of his motion, Plaintiff attaches "proof of service including the packet sent" as an exhibit. (Doc. 29-1.) Rule 59(e) "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation omitted). That is what Plaintiff attempts to do here. Prior to the Court's March 23, 2020 Order, Plaintiff did not offer any response or evidence showing he properly served AU Defendants. Thus, he cannot present evidence now that he could have presented prior to the Court's Order.

For the foregoing reasons, Plaintiff's motion for reconsideration is **DENIED**. Despite having filed his amended complaint, Plaintiff failed to properly serve AU Defendants within thirty-days as ordered by this Court. Nonetheless, Plaintiff shall have **THIRTY (30) DAYS** from the entry of this Order to serve AU Defendants in accordance with the Court's Local Rules.

**ORDER ENTERED** at Augusta, Georgia, this ___6th___ day of November, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA