IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| TIPTON D. SHOLES, M.D., | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | CV 119-022 |
| v. | * | |
| | * | |
| BOARD OF REGENTS OF THE | * | |
| UNIVERSITY SYSTEM OF | * | |
| GEORGIA, d/b/a Augusta | * | |
| University, | * | |
| | * | |
| Defendant. | * | |

**O R D E R**

Presently before the Court is Defendant's motion to dismiss (Doc. 34) and Plaintiff's motion for leave to file amended complaint (Doc. 46). For the following reasons, Defendant's motion is **DENIED AS MOOT** and Plaintiff's motion is **GRANTED**.

Plaintiff may no longer amend his complaint as a matter of course. See FED. R. CIV. P. 15(a)(1). Thus, Plaintiff "may amend [his] pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Defendant has not provided written consent. (See Def.'s Resp. in Opp'n to Mot. for Leave to File Am. Compl., Doc. 47.) Therefore, Plaintiff may only amend with the Court's leave.

District courts are given "extensive discretion" to decide whether to allow an amended complaint. Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999). In exercising its discretion, the Eleventh Circuit has set forth five factors for the district court to consider: (1) "undue delay," (2) "bad faith or dilatory motive on the part of the movant," (3) "repeated failure to cure deficiencies by amendments previously allowed," (4) "undue prejudice to the opposing party by virtue of allowance of the amendment," and (5) "futility of amendment." Seiger ex rel. Seiger v. Philipp, 735 F. App'x 635, 637 (11th Cir. 2018) (quoting Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1241 (11th Cir. 2009)). However, "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Burger King Corp. v. Weaver, 169 F.3d 1310, 1319 (11th Cir. 1999) (citation omitted).

Defendant argues the Court should deny Plaintiff's motion because "the fact that Plaintiff was formerly proceeding *pro se* and is now represented by counsel does not absolve Plaintiff from previously not complying with procedural rules in timely filing responses to motions and diligently prosecuting his case." (Doc. 47, at 5.) The Court agrees Plaintiff has failed to comply with the Court's rules in the past. However, the Court granted Plaintiff one additional opportunity to follow its Orders and

2

Plaintiff complied by securing counsel. (See Jan. 6, 2021 Order, Doc. 43.) Now that Plaintiff is represented by counsel, he seeks to amend his complaint to pursue a single claim for violations under the Rehabilitation Act, 29 U.S.C. § 794. (See Doc. 46-1.)

In his first amended complaint, Plaintiff states he is pursuing claims of "Employment discrimination/retaliation in violation of the American with disabilities act Title I and Title II ADA 42 U.S.C 12101-12213" and later states the "[r]ehabilitation act of 1973 as I understand is the predecessor act of the ADA and further layers the line of plausibility and impossibility for defendants to shed accountability." (Doc. 33, at 5, 11.) Thus, although not clearly stated, Defendant was at least put on some notice that Plaintiff was pursuing a claim under the Rehabilitation Act. Moreover, the "causes of action brought under Title II of the ADA and the Rehabilitation Act are essentially identical." Everett v. Cobb Cnty. Sch. Dist., 138 F.3d 1407, 1409 (11th Cir. 1998) (citing Pottgen v. Mo. St. High Sch. Activities Ass'n, 40 F.3d 926, 930 (8th Cir. 1994)). Given the similarity in the claims and Plaintiff's prior *pro se* status,[1] the Court finds no reason to deny Plaintiff's motion.

---

[1] "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.")).

3

The Court notes Plaintiff is now represented by counsel and therefore cautions him that no further amendments will be granted. Plaintiff is expected to follow the Federal Rules of Civil Procedure and the Court's Local Rules.   In the future, the Court will not be as lenient with Plaintiff as it has in the past.

Finally, "[i]t is well-established that an amended complaint super[s]edes an original complaint and renders the original complaint without legal effect." Renal Treatment Ctrs.- Mid-Atl., Inc. v. Franklin Chevrolet-Cadillac-Pontiac-GMC, No. 608CV087, 2009 WL 995564, at *1 (S.D. Ga. Apr. 13, 2009) (quoting In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005) and citing Fritz v. Standard Sec. Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir. 1982)); see also Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint."). As the amended complaint is the operative pleading in this case, Defendant's motion to dismiss (Doc. 34) is **DENIED AS MOOT**. See Horton v. Reeves, No. CV 118-165, 2019 WL 4748002 at *1 (S.D. Ga. Sept. 27, 2019) (denying as moot motion to dismiss original complaint where plaintiff filed an amended complaint). Plaintiff's motion for leave to file amended complaint (Doc. 46) is **GRANTED**. Plaintiff shall file his amended complaint as a stand-alone entry on the docket within **SEVEN (7) DAYS** of this Order.

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of February, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA